IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **LEE ELBAZ**, <br><br> *Defendant*. | Criminal No. 18-157-TDC |

### MS. ELBAZ'S MOTION TO DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE PROPER VENUE

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Lee Elbaz respectfully moves the Court to dismiss Count One (conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349) and Counts Two, Three, and Four (wire fraud, in violation of 18 U.S.C. § 1343, and aiding and abetting wire fraud, in violation of 18 U.S.C. § 2) for failure to allege proper venue.

### BACKGROUND

Ms. Elbaz is alleged to be a resident of Israel, employed by an Israel-based company, Yukom Communications ("Yukom"). Indictment, ECF No. 37, ¶¶ 1–2. Yukom is alleged to have provided services "on behalf of BinaryBook and BigOption," companies that are not alleged to have operated in the United States generally or in Maryland specifically. The Indictment alleges that BinaryBook and BigOption had customers all over the world and that three residents of Maryland sent or received wire communications to or from "Representative F," "Representative G," and "BinaryBook's 'Compliance Department.'" *Id.* ¶¶ 13–15, 42. While

each Count in the Indictment alleges, in conclusory fashion, that it occurred "in the District of Maryland and elsewhere," *id.* ¶¶ 17, 41, the Indictment does not allege that the communications with the three residents of Maryland were in any way fraudulent, that Ms. Elbaz directed that these communications be made, or that Ms. Elbaz was even aware of these communications.

## **ARGUMENT**

Pursuant to Rule 18 of the Federal Rules of Criminal Procedure, the Government "must prosecute an offense in a district where the offense was committed," unless otherwise authorized by law. Fed. R. Crim. P. 18. Sections 1343 and 1349 do not authorize any other manner of establishing venue. The Indictment's conclusory allegation that all Counts took place "in the District of Maryland and elsewhere," *see* Indictment ¶¶ 17, 41, is an effort to establish venue under 18 U.S.C. § 3237(a):

> [A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a); *see United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (holding that wire fraud is a continuing offense). However, since the factual allegations in the Indictment, even if true, would not establish that Count One began, was continued, or was completed in the District of Maryland, or that Counts Two through Four involved wires that came from or passed through the District of Maryland in furtherance of the fraud, the Indictment must be dismissed. *See United States v. Engle*, 676 F.3d 405, 415–16 (4th Cir. 2012); *United States v. Shusterman*,

No. WDQ-13-460, 2014 WL 6835161, at *4 (D. Md. Dec. 2, 2014); Fed. R. Crim. P. 12(b)(3)(A)(i).

I. **THE COURT SHOULD DISMISS COUNT ONE OF THE INDICTMENT FOR FAILURE TO ALLEGE PROPER VENUE IN THE DISTRICT OF MARYLAND.**

Ms. Elbaz has separately filed a motion to dismiss Count One for failure to state an offense. Even if Count One otherwise properly alleged the offense of wire fraud conspiracy, however, it nonetheless would need to be dismissed for failure to allege proper venue. To demonstrate proper venue for Count One based on Section 3237(a), the Indictment must contain factual allegations that the wire fraud conspiracy was formed in the District of Maryland or an overt act in furtherance of the conspiracy was committed in the District of Maryland. *See Whitfield v. United States*, 543 U.S. 209, 218 (2005); *United States v. Day*, 700 F.3d 713, 727 (4th Cir. 2012); *see also United States v. Green*, 599 F.3d 360 (4th Cir. 2010).[1]

Count One alleges neither that an agreement was formed in the District of Maryland nor that an overt act in furtherance of that agreement took place in the District of Maryland. The Indictment contains no allegation that the conspiracy was formed in Maryland or even in the United States. Indeed, Ms. Elbaz is alleged to be a resident of Israel, *see* Indictment ¶ 1; Yukom is alleged to be an Israel-based business, *id.* ¶ 2; BinaryBook and BigOption are alleged to be "internet-based businesses," not alleged to have been based in or operating in the United States generally or Maryland specifically, *id.*; and none of the other individuals referenced in the Indictment—Manager A, B, or C, or Representative A, B, C, D, or E—are alleged to have been located in Maryland or even in the United States. Consequently, there is no factual allegation

---

[1] Although Section 1349 does not require proof of an overt act, *see United States v. Chinasa*, 489 F. App'x 682 (4th Cir. 2012) (per curiam); *United States v. Williams*, 820 F. Supp. 2d 663 (D. Md. 2011), the "[Supreme] Court has long held that venue is proper in any distinct in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense." *Whitfield*, 543 U.S. at 218.

3

that anyone while in the District of Maryland made an agreement to defraud binary options investors.

Equally absent is any factual allegation that an overt act in furtherance of the wire fraud conspiracy was committed in the District of Maryland. Indeed, the Indictment does not allege any overt acts, much less any that occurred in Maryland. There is an allegation that Ms. Elbaz's employer, Yukom—not Ms. Elbaz, someone Ms. Elbaz directed, or someone with whom Ms. Elbaz conspired—provided services, as a general matter, to other non-U.S.-based companies, who, in turn, had clients located in the District of Maryland. *See id.* ¶¶ 3–4. However, the allegation that services were provided in Maryland, generally, is not a factual allegation that an overt act in furtherance of the conspiracy occurred in Maryland. The Indictment sets forth in Paragraphs 19 through 39 the "manner and means" by which the conspiracy was allegedly committed. None of these Paragraphs even mentions the United States, much less Maryland. These Paragraphs set forth numerous alleged false statements and material omissions, but fails to allege that any of them were directed at residents of Maryland.

The specific acts set forth in Paragraphs 41 and 42 of the Indictment in support of Counts Two through Four are not made in support of Count One and therefore cannot be used to establish venue in the District of Maryland for Count One. Count One incorporates by reference "Paragraphs 1 through 15," but does not reference Paragraphs 41 and 42, the paragraphs comprising Counts Two through Four. *See id.* ¶ 16. Counts Two through Four, on the other hand, incorporate by reference "Paragraphs 1 through 15 and 18 through 39." *Id.* ¶ 40. Consequently, the Grand Jury knew how to incorporate paragraphs set forth in support of one Count by reference in support of another Count, but chose not to incorporate Paragraphs 41

through 42 into Count One.  *Cf. United States v. Hooker*, 841 F.2d 1225, 1227–32 (4th Cir. 1988) (en banc).

However, even if the Court were to consider Paragraphs 41 and 42 in determining whether the Indictment properly alleges venue for Count One, consideration of those allegations would not counsel a different conclusion.  The descriptions of the wires used in Count Two, Count Three, and Count Four do not identify any person acting in furtherance of the wire fraud conspiracy purportedly alleged in Count One.  Instead, those Counts allege conduct by "Representative F," "Representative G," and "BinaryBook's 'Compliance Department,'" *see* Indictment ¶ 42, none of whom was even referenced in Count One, let alone identified as a member of the alleged conspiracy or connected to Ms. Elbaz in any way.  *See Shusterman*, 2014 WL 6835161, at *4 (citation omitted) (rejecting particular allegation as supporting venue where, "although the Indictment alleges that [Defendant] 'caused the emailing of a purchase agreement to D.L.' in Maryland, it is not clear who emailed D.L., and whether it was another co-conspirator whose acts are attributable to [Defendant]").

In the absence of any factual allegations indicating the conspiracy was formed in the District of Maryland or any overt act in furtherance of the conspiracy was committed there, the Indictment's boilerplate reference to "in the District of Maryland and elsewhere" is not enough to support a finding that venue is properly alleged.  *See id.*; *cf. Engle*, 676 F.3d at 415–16.  Thus, Count One should be dismissed.  *See* Fed. R. Crim. P. 12(b)(3)(A)(i), 18.

II.  **THE COURT SHOULD DISMISS COUNTS TWO THROUGH FOUR OF THE INDICTMENT FOR FAILURE TO ALLEGE PROPER VENUE IN THE DISTRICT OF MARYLAND.**

Ms. Elbaz has also separately filed a motion to dismiss Counts Two through Four for failure to state an offense.  Even if these Counts could survive that motion, they would also nonetheless need to be dismissed for failure to allege facts supporting venue in the District of

5

Maryland. To establish proper venue for wire fraud under Section 3237(a), the government must show *the defendant* caused a wire communication "to be transmitted to or from the [venue]." *Ebersole*, 411 F.3d at 527; *accord United States v. Jefferson*, 674 F.3d 332, 368–69 (4th Cir. 2012) (overturning conviction for wire fraud where the only wire communication involved was defendant's telephone call from Ghana to Kentucky, in furtherance of the scheme, and case was tried in the Eastern District of Virginia).

The allegations in Counts Two through Four, even if true, would not support venue in the District of Maryland. Although the wire communications identified in Counts Two through Four each allege a wire to or from the District of Maryland, the Indictment contains no factual allegation that, if true, would establish that Ms. Elbaz caused any of those wires to be sent, much less that she did so in furtherance of a scheme to defraud of which Ms. Elbaz was a part. None of these Counts alleges that Ms. Elbaz herself sent or received a wire communication. Instead, Counts Two through Four reference acts by individuals with no identifiable connection to Ms. Elbaz or the supposed scheme to defraud—"Representative F," "Representative G," and "BinaryBook's 'Compliance Department,'" none of which make an appearance in the Indictment prior to Paragraph 42.

In short, the allegation that individuals connected to BinaryBook and BigOption used wires is not an allegation that Ms. Elbaz caused these wires to be sent. Nor does the boilerplate conclusory language adequately allege that those wires were sent in furtherance of a conspiracy or scheme to defraud. The allegation that individuals abroad, who are not alleged to have participated in a conspiracy or scheme to defraud, sent or received wire communications, which are not alleged to have contained false statements or material omissions, to or from a resident of Maryland does not establish proper venue in the District of Maryland. Accordingly, Counts Two

through Four must be dismissed. *See Engle*, 676 F.3d at 415–16; Fed. R. Crim. P. 12(b)(3)(A)(i).

## **CONCLUSION**

The Court should dismiss the Indictment in its entirety because the Indictment fails to allege proper venue in the District of Maryland as to any Count.

Date: May 16, 2018

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS RUSSELL ENGLERT ORSECK
UNTEREINER & SAUBER LLP
1801 K Street NW, Suite 411-L
Washington, D.C. 20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
Email: bpollack@robbinsrussell.com

*Counsel for Ms. Elbaz*

**CERTIFICATE OF SERVICE**

On this 16th day of May, 2018, I directed the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Maryland by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street NW, Suite 411 L
Washington, District of Columbia 20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
Email: bpollack@robbinsrussell.com

*Counsel for Ms. Elbaz*