# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

LEE ELBAZ,

    Defendant.

Criminal Action No. TDC-18-0157

## PRETRIAL SCHEDULING ORDER

During the Status Conference on May 18, 2018, the Court set the following filing deadlines for the briefs on the six pending Motions, ECF Nos. 56-61:

Government's Opposition Memoranda:     **June 20, 2018**

Defendant's Reply Memoranda:     **July 11, 2018**

As discussed during the Status Conference, the Government shall file a consolidated Memorandum in Opposition addressing the four outstanding Motions to Dismiss, ECF Nos. 56-59, and possibly the Motion for a Bill of Particulars, ECF No. 61.  The Government shall file a separate Memorandum in Opposition addressing the Motion to Strike, ECF No. 60, and possibly the Motion for a Bill of Particulars.  Defendant's Reply Memoranda shall follow the same structure as the Government's Briefs.

A hearing on the Motions is scheduled for **July 30, 2018** at **2:00 p.m.** at the United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland.  The specific courtroom for the hearing will be identified on the Court's website at the beginning of the week of the proceeding.

This Order confirms the trial date and pretrial deadlines set out by the Court in the Status Conference.

| | |
|---|---|
| December 10, 2018 | Motions *in limine* |
| December 17, 2018 | Motions *in limine* memoranda in opposition |
| December 17, 2018 | Joint proposed voir dire, joint proposed jury instructions, and joint proposed special verdict forms |
| January 4, 2019 at 9:00 a.m. | Pretrial Conference/Motions *in limine* Hearing |
| January 7, 2019 at 9:00 a.m. | Jury Trial (2 weeks) |

Attached to this Order are the Court's standing pretrial and trial instructions. The parties are expected to familiarize themselves with these instructions and to comply with them.

Date: May 21, 2018                                     /s/
                                            THEODORE D. CHUANG
                                            United States District Judge

# PRETRIAL AND TRIAL INSTRUCTIONS TO COUNSEL (CRIMINAL)

I. **Pretrial Instructions to Counsel**

   A. **Voir Dire Questions and Jury Instructions**

   You will be directed to file joint proposed voir dire questions, joint proposed jury instructions on issues specifically relating to this case, and joint proposed special verdict forms. For any voir dire questions, jury instructions, and special verdict form questions upon which you cannot agree, you should note objections or proposed alternative language in the joint submission. Copies of all your joint proposed voir dire questions, jury instructions, and special verdict forms should be submitted to Chambers in hard copy and via email in Microsoft Word format to mdd_tdcchambers@mdd.uscourts.gov.

   Your joint proposed jury instructions need not address legal principles generally applicable in criminal trials and may instead be limited to instructions on the substantive law and any other instructions that the parties specifically seek to be given in this case. The proposed jury instructions should (a) be typed one instruction per page, (b) be numbered and assembled in the order in which you request they be read to the jury, and (c) include citation of the authorities supporting the instruction with the specific portion of the instruction covered by each individual authority clearly marked.

   B. **Use of Courtroom Equipment**

   The Court has available for your use electronic evidence presentation systems. Information about the systems and training opportunities can be found on the Court's website. The Court prefers that to the extent possible, documents be shown to witnesses using the electronic systems. Accordingly, **counsel is responsible for becoming familiar with the equipment so that it can be used properly and without unnecessary delay.** You may contact the Courtroom Deputy Clerk to schedule a time to receive instruction on and to test the courtroom equipment prior to trial.

   C. **Exhibits**

   1. **You must pre-mark exhibits in accordance with instructions provided by the Courtroom Deputy Clerk**. All exhibits must be tagged with an exhibit sticker and numbered prior to trial. Do not separately identify exhibits as "Government's" or "Defendant's." Government exhibits should be numbered as Exhibits 1-99. Defendant's exhibits should be numbered as Exhibits 100-199. If the Government has more than 100 exhibits, Defendant's exhibits should start at 200 or whatever other number that will safely permit each side's exhibits to be numbered consecutively. No exhibit designation may begin with a letter.

However, logically grouped or late-inserted exhibits may have a letter at the end. E.g., Exhibit 105A.

2. Any exhibit that is not offered for admission but is shown to a witness, such as a deposition transcript or other impeachment material, should be marked for identification only. Any exhibits marked for identification only should be marked with a letter, not a number. Government exhibits marked for identification only should be marked as Exhibits A-Z. Defendant's exhibits marked for identification only should be marked as Exhibits AA-ZZ. If a party using an exhibit marked for identification only seeks to have that exhibit admitted, it must formally move for its admission and assign it a number.

3. The Government should submit on or before the first day of trial, two copies of a binder containing all proposed exhibits, pre-marked, for the Court's use. The Defendant should provide two copies of a binder containing its exhibits prior to its case-in-chief.

## II. Trial Instructions to Counsel

You are responsible for knowing the contents of these instructions and all of the provisions of the Local Rules concerning trial conduct.

### A. Efficient Use of Courtroom Time

Please always be on time. At the beginning of the day or after a break, the trial will begin or resume at the scheduled time, or as soon thereafter that all jurors are present. If you anticipate any need to confer with the Court outside the presence of the jury, please contact the Court in advance to request a brief hearing before the start of the trial day or before the jury returns from lunch. When the jury is present, virtually every minute should be spent taking testimony.

### B. Exhibits

1. **Notwithstanding Local Rules 107.5(b) and 211, you must formally offer all exhibits for admission and receive a ruling from the Court.** Exhibits may be offered as a group and may be offered outside the presence of the jury before or after a session, but they must be formally offered and admitted on the record. No exhibit may be displayed to the jury until it has been formally admitted.

2. When possible, documentary, video, and audio exhibits should be presented to the witness and the jury through the Court's electronic evidence presentation system. An exhibit that has not yet been formally admitted may be shown to the witness using this system; the jurors' screens will be turned off until such exhibit has been admitted. You may circulate physical exhibits to the jury with the permission of the Court, provided that you continue with questioning during such circulation.

4. You should have multiple copies of any impeachment material that you use with witnesses so that you, the witness, and opposing counsel each have their own copy during witness examination.

C. **Witnesses**

1. Treat witnesses with courtesy and respect, and address them by their surnames (except persons under the age of 18). In questioning and argument, refer to relevant individuals by their surnames (except persons under the age of 18).

2. Do not appear to address yourself to jurors when questioning a witness.

D. **Movement in the Courtroom**

1. **You must stand when examining witnesses or addressing the Court, including when making objections.**

2. You may ask questions of a witness from the podium or from counsel table. Please make sure to speak into the microphone.

3. You may approach a witness to hand over an exhibit without prior approval of the Court, but you should return to your fixed location before asking questions about the exhibit. You may not approach the witness for any other reason.

4. You may address jurors during your opening statement and closing argument from the well of the courtroom. Please stand a respectful distance away from the jury and do not place objects on the rail in front of the jury box.

E. **Objections**

You should not make speaking objections or, unless invited to do so by the Court, argue rulings in front of the jury. Bench conferences are permitted but disfavored. If you anticipate an evidentiary objection that will require a bench conference, please contact Chambers in advance to request a brief hearing before the start of the trial day or before the jury returns from lunch.

F. **Opening Statements and Closing Arguments**

1. Unless otherwise ordered by the Court, no opening statement or closing argument shall exceed one hour.

2. Unless otherwise ordered by the Court, no rebuttal argument shall exceed 15 minutes. Rebuttal argument shall be limited to addressing arguments not reasonably anticipated before the defense closing argument.

3. Exhibits and demonstrative aids may not be displayed to the jury during opening statement or closing argument without prior approval of the Court.

**G.  Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

Under Local Rule 211, the exclusion of witnesses (sequestration) is governed by Local Rule 107.7, and discussions with a witness currently on the stand are governed by Local Rule 107.14.

**H.  Cell Phones and Other Mobile Electronic Devices**

Please turn off (and instruct your trial team and witnesses to turn off) all audible cell phones and other mobile electronic devices before entering the courtroom.

**I.  Food and Drink**

Please do not bring any food or drink (other than water) into the courtroom.  If you want to use bottled water, you should pour it into the pitchers provided by the Court.

**J.  Use of Courtroom Telephone Prohibited**

Please do not use the courtroom telephone unless authorized by the Court.