# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  Case No. 8:18-cr-00157-TDC |
| LEE ELBAZ, | * |
| | * |

## MOTION OF DEFENDANT LEE ELBAZ
## TO MODIFY CONDITIONS OF RELEASE

Defendant Lee Elbaz hereby moves to modify the conditions of her pretrial release to permit her to attend (i) meetings and review documents at the nearby San Francisco offices of her counsel without the accompaniment of her third party custodian, her aunt Limor Elbaz; (ii) mental health counseling appointments to be arranged by Pretrial Services; and (iii) Shabbat religious services at a local synagogue Chevra Thilim, all subject to the approval of, and coordination with, the San Francisco Pretrial Services Office.

1. This Court entered an Order Setting Conditions of Release for Ms. Elbaz on September 20, 2017 (the "Order"), which included that she be restricted to house arrest at her aunt's house at 1633 Burrows Street, San Francisco, California, under electronic monitoring. ECF No. 11. The Order required that Ms. Elbaz's aunt personally accompany Ms. Elbaz to all court appearances and meetings with counsel and restricted Ms. Elbaz to her aunt's residence except for medical purposes, court appearances and attorney visits, or other approved activities. *Id.,* ¶ 8(w), 8(t)(iii).

2. On December 14, 2017, Ms. Elbaz moved to modify the conditions of her release to permit her to leave her residence for up to one hour per day, on foot, during daylight hours, within a restricted geographic area near her residence. ECF No. 28. Ms. Elbaz requested this modification in order to receive daily exercise and to promote her own physical and mental well-

being. Ms. Elbaz's motion was supported by Ms. Denise Mancia, Ms. Elbaz's then-Pretrial Services Officer, who indicated that there "have been no compliance issues and [Ms. Mancia had] not received any alerts while [Ms. Elbaz] has been on electronic monitoring since September 2017." ECF 28-2. On December 14, 2017, this Court granted Ms. Elbaz's request to modify the conditions of her release to permit her to leave her aunt's residence for exercise for one hour per day, subject to the approval of and coordination with U.S. Pretrial Services. ECF No. 29.

3. Undersigned counsel understands that since entry of the Court's December 14 modification of Ms. Elbaz's conditions of release, there have been no issues with Ms. Elbaz's compliance with the terms of her release. Over the past six months, Ms. Elbaz has regularly left her residence to enjoy her one hour period of daily exercise and has returned to her residence at the appointed time each day without incident. Moreover, Ms. Elbaz has been permitted to take these exercise periods alone, without the accompaniment of her aunt, demonstrating that she can be trusted to leave the residence on her own recognizance and comply with the conditions of her release.

4. Apart from these daily periods of exercise, Ms. Elbaz has also been permitted to leave her residence for medical appointments. Each time, she has received the approval of Pretrial Services and returned to her residence at the appointed hour. Ms. Elbaz's aunt, moreover, has dutifully performed all of her obligations as a third party custodian.

**Ms. Elbaz Should Be Permitted to Attend Meetings with Defense Counsel Unaccompanied**

5. On May 21, 2018, the Court entered a Pretrial Scheduling Order, setting a two week jury trial to begin on January 7, 2019 and various interim deadlines, including a motions hearing on July 30, 2018.

6. To prepare for trial and the motions hearing, defense counsel needs to work closely with Ms. Elbaz to understand the underlying facts and prepare a defense strategy. Indeed, the defense will need Ms. Elbaz's ongoing assistance in reviewing nearly 1.5 million pages of emails and other documents that the government has produced to date. Reviewing this substantial and voluminous body of discovery will be an extraordinarily intensive and time-consuming endeavor and will require lengthy and regular meetings between Ms. Elbaz and defense counsel.

7. Defense counsel believes that, at a minimum, Ms. Elbaz should start dedicating at least three days a week to meeting with defense counsel and/or reviewing documents to assist in her defense. Defense counsel also believes that these meetings and document review sessions should occur at defense counsel's offices in downtown San Francisco (Quinn Emanuel, 50 California Street, San Francisco, CA 94111), which is about six miles (or about 40 minutes away by public transportation) from Ms. Elbaz's residence. This arrangement will not only afford Ms. Elbaz the necessary privacy to have attorney-client confidential discussions, but will also afford her a quiet place to work in a professional setting where she can review and annotate binders of documents that defense counsel prepares for her.

8. Under Ms. Elbaz's current conditions of confinement, this privacy and quietude is not available to her. Ms. Elbaz currently resides with her aunt and her aunt's seven-year-old daughter in a cramped apartment where all phone conversations with defense counsel can be overheard. Moreover, although Ms. Elbaz has a great deal of affection for her aunt and her aunt's daughter, the current living arrangements do not provide her the necessary extended periods of quietude to review documents and prepare her defense. Furthermore, because under the protective order, Ms. Elbaz is not permitted to have hard copies of documents, Ms. Elbaz

may only review electronic document, which takes a toll on her eyes and taxes her mentally. *See* ECF No. 51 ¶ 3(C)(i). Furthermore, Ms. Elbaz only has access to a personal laptop and a personal email account, which she prefers not to use for her document review, in light of the sensitivity and confidentiality of the materials, and the lack of stability of her internet connection. The most efficient way to review the heavy volume of materials that the government has produced in this case is for defense counsel to prepare hard copy binders of relevant materials and for Ms. Elbaz to review them in hard copy form, which can only be done if Ms. Elbaz is permitted to review them at defense counsel's offices.

9. Under the Order, Ms. Elbaz is permitted to attend meetings with counsel but must be accompanied to all such meetings by her third party custodian—her aunt, Limor Elbaz—who must remain on the premises until the meeting with counsel is concluded. Order at ¶ 8(w), (t)(iii). This condition puts a significant strain on Ms. Elbaz's aunt, who is a busy professional juggling not only her career as the CEO of a start up software company but also the care of her seven-year-old daughter as a single mother. *See* Sep. 20, 2017 Detention Hearing Tr. at 37:15–21, 62:21–22, 66:2–6 (a true and correct copy of the relevant excerpts of the transcript are attached hereto as Exhibit A). Ms. Elbaz's aunt simply does not have the time to drop off and pickup Ms. Elbaz at counsel's offices multiple times each week, let alone wait on the premises of counsel's offices until the meetings—which will take up most of the day—are completed. To relieve Ms. Elbaz's aunt of this burden and to permit Ms. Elbaz to attend meetings with counsel to assist in her defense, Ms. Elbaz respectfully requests that she be permitted to attend meetings with her counsel and document review sessions without the accompaniment of her aunt.

10. At the September 20, 2017 detention hearing, the Court held that it would be amenable to "revisit[ing]" and "tweak[ing] some of these conditions" "if we start moving down

the road and she seems to be in compliance." *See* Exhibit A at 81:20, 82:8–10. Ms. Elbaz respectfully suggests that her spotless record and excellent behavior on pretrial release warrants a revising of her conditions of release and that she be permitted to attend regular meetings and document review sessions (at a minimum her counsel's downtown San Francisco office without the accompaniment of her aunt, Limor Elbaz). Through her daily one hour exercise periods, Ms. Elbaz has already demonstrated that she can be trusted to leave her residence without the accompaniment of her aunt. The time it would take for Ms. Elbaz to travel to and from defense counsel's downtown San Francisco office is about the same as the period of unaccompanied daily exercise she is permitted each day.

11. Ms. Elbaz has been on release for over eight months and has fully complied with all of the conditions of her release. Ms. Elbaz's conduct shows that she follows this Court's orders to the letter. Moreover, Ms. Elbaz, who has no criminal history whatsoever, is not charged with a crime of violence. Ms. Elbaz's exemplary compliance with the Court's release conditions demonstrates that the modification she requests may be granted, while reasonably assuring that she will appear for court and not otherwise pose a risk to the community.

12. The undersigned has conferred with Mr. James Ridgway, the United States Pretrial Services Officer in Greenbelt, Maryland. Mr. Ridgway does not oppose Ms. Elbaz's attending meetings with counsel unaccompanied by her aunt. This request is not opposed by Ms. Elbaz's San Francisco Pretrial Services Officers either—Mr. Nelson Barao and Mr. Anthony Granados—both of whom have day to day responsibility for supervising Ms. Elbaz. Undersigned counsel has also presented this request to Ankush Khardori, counsel for the government. Mr. Khardori has stated that the government opposes allowing Ms. Elbaz to travel to counsel's downtown San Francisco office unaccompanied by her aunt but would be amenable to

allowing Ms. Elbaz's aunt to drop off and pick up Ms. Elbaz from meetings with counsel without waiting for her on the premises. However, in light of the aunt's duties as a single mother for her seven-year-old daughter and as the CEO of a start up company, she cannot be reasonably expected to have the ability to fulfill these requests.

**Ms. Elbaz Should Be Permitted to Attend Pre-Trial Services-Arranged Mental Health Counseling**

13. Being detained in a foreign country where she has no friends and limited interactions with the outside community has placed an immense strain on Ms. Elbaz's mental health and well-being. The Pretrial Services Office informed Ms. Elbaz that they can provide Ms. Elbaz with access to mental health services, but require a court order. They are also willing to permit Ms. Elbaz to attend the mental health sessions without the accompaniment of her aunt. (A true and correct copy of Pretrial Service Officer James Ridgway's email to counsel setting out his position (and copying San Francisco Pretrial Services Officers Barao and Granados) is attached hereto as Exhibit B). Thus, Ms. Elbaz respectfully requests that the Court grant her request for mental health services and allow her to attend such appointments unaccompanied by her aunt. Undersigned counsel also presented this request to Mr. Khardori, who stated that the government does not oppose modifications that would permit Ms. Elbaz to attend therapy scheduled and cleared by Pretrial Services but that her third party custodian would need to accompany her. As explained above, such requirement will prevent Ms. Elbaz's aunt from being able to fulfill her primary duties as a single mother and a busy professional with a demanding career.

**Ms. Elbaz Should Be Permitted to Attend Religious Services**

14. Ms. Elbaz requests permission to attend Shabbat services at Chevra Thilim (752 25th Avenue, San Francisco, CA 94121) on Friday evenings (6:30 pm) and Saturday mornings

(9:30 am). The services at this synagogue—located approximately seven miles from Ms. Elbaz's residence—last approximately two hours and include participating in prayer and singing and receiving spiritual guidance. Ms. Elbaz's faith provides her comfort, and she desires to be part of a religious community from which she can receive emotional and spiritual support. Additional information about Chevra Thilim is available at http://www.sfshul.org/. Ms. Elbaz requests that she be permitted to attend these religious services unaccompanied by her aunt because Ms. Elbaz's aunt is not religious, and it would be taxing to require her to spend her limited personal time attending these services. Defense counsel has conferred with Mr. Anthony Granados, the San Francisco Pretrial Services Officer assigned to monitor Ms. Elbaz, who does not oppose this request and has informed the undersigned that he defers to Mr. Ridgway. Pretrial Service Officer James Ridgway has informed counsel that he is opposed to Ms. Elbaz attending religious services unaccompanied by her aunt. Defense counsel also conferred with Mr. Khardori, who stated that the government does not oppose permitting Ms. Elbaz to attend religious services scheduled and cleared by Pretrial Services but that she would need to be accompanied by her third party custodian.

### **The Motion Should Be Granted Under the Bail Reform Act**

15. There is no presumption of detention in this case under 18 U.S.C. § 3142(f)(1) of the Bail Reform Act. Therefore, Ms. Elbaz should be released pending trial under the "least restrictive" conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The government bears the burden of demonstrating that any particular condition of release is necessary to reasonably assure the defendant's appearance and the safety of the community. The Court may at any time amend the order setting conditions of release to impose different conditions. *See* 18 U.S.C. § 3142(c)(3).

16. At this juncture, given the lack of a presumption in this case, Ms. Elbaz's past compliance, the limited and tailored nature of the request, her good behavior on release, and the real necessity in receiving all requested modifications to enable Ms. Elbaz to receive an effective defense, Ms. Elbaz respectfully asks the Court to modify the Order setting the conditions of release so that Ms. Elbaz may attend (i) meetings with counsel, (ii) appointments with a mental health counselor, and (iii) weekly Shabbat services without being accompanied by her aunt, all to be approved and coordinated in advance with Pretrial Services.

17. The undersigned submits that the modifications Ms. Elbaz seeks are consistent with the Bail Reform Act and the remaining conditions reasonably assure her appearance and the safety of any other person and the community. The Order, as modified in the manner which Ms. Elbaz requests, is warranted as a less restrictive condition that will continue to assure her appearance in court and the safety of the community, as required by 18 U.S.C. § 3142(c)(1)(B). Accordingly, Ms. Elbaz requests that the Court grant the limited modifications to conditions of bond sought in this Motion.

18. Attached for the Court's review and convenience is a proposed order that conforms to the relief requested herein.

Date: June 25, 2018

Respectfully submitted,

_____

Alex Spiro
John Chun
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Counsel for Defendant Lee Elbaz*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will notify counsel for the government of the filing.

John Chun

IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * |
|---|---|
| | * |
| v. | * |
| | *    Case No. 8:18-cr-00157-TDC |
| LEE ELBAZ, | * |
| | * |

## [PROPOSED] ORDER MODIFYING CONDITIONS OF PRETRIAL RELEASE

It is SO ORDERED by the United States District Court for the District of Maryland, on this day of _____, 2018, that the conditions of Defendant's Pretrial Release are modified to permit her to leave her third party custodian's residence to attend (i) meetings and review documents at the San Francisco office of her counsel; (ii) mental health counseling; and (iii) weekly Shabbat services, all without the accompaniment of her third party custodian, subject to the approval of and coordination with the U.S. Pretrial Services Office in San Francisco.

All other previously-imposed conditions of Defendant's release remain unchanged.


Dated: _____                                             _____
                                                              United States Magistrate Judge