# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Southern Division)

| |
|---|
| **UNITED STATES OF AMERICA,** |
| v. |
| **LEE ELBAZ,** |
| *Defendant.* |

Criminal No. 18-157-TDC

## **DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTIONS *IN LIMINE***

Defendant Lee Elbaz hereby submits her opposition to the Government's Motions *In Limine* (ECF 90) (the "MIL") and respectfully requests that they be denied for the reasons set forth below.

**I. Motion *In Limine* No. 1 (Admissibility of Emails as Co-conspirator Statements) Should be Denied.**

To establish that the emails in question fall within the co-conspirator exclusion to the hearsay rule under Rule 801(d)(2)(E), the Government must show "(1) that a conspiracy did, in fact, exist; (2) that both the declarant and the defendant were members of the conspiracy; *and* (3) that the statement at issue was made during the course of, and in furtherance of, the conspiracy." *United States v. Seko*, 2016 WL 1586557, at *1 (E.D. Va. Apr. 19, 2016) (citing *United States v. Heater*, 63 F.3d 311, 324 (4th Cir. 1995)) (emphasis added); *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 328-29 (S.D.N.Y. 2009). The Government must establish all three prongs "by a preponderance of the evidence," but its motion fails to establish any of them.

***First***, the Government has failed to prove the existence of a conspiracy. "The 'essence' of a conspiracy claim is that defendants 'combined together to effect a preconceived plan and unity of design and purpose.'" *FireClean, LLC v. Tuohy*, 2016 WL 3952093, at *8 (E.D. Va. July 21, 2016) (internal citations and quotation omitted) ("Bare allegations [and] facts amounting to only a 'logical possibility,'" are insufficient). Although the Government's motion vaguely refers to (i) certain alleged admissions by Ms. Elbaz, (ii) an *undisclosed* plea agreement of an unidentified co-conspirator, and (iii) other evidence allegedly in its possession that it intends to "show at trial," (ECF No. at 6-7), such vague assertions do not establish, by a preponderance of the evidence, that a conspiracy existed, let alone that Ms. Elbaz entered into it. Accordingly, the Court should exercise its discretion to hold an evidentiary hearing regarding this issue (a hearing that some Courts require as a matter of course, although not those in the Fourth Circuit), to determine whether the Government can establish the existence of the conspiracy *before* any purported co-conspirator statements are admitted. *See, e.g.*, *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) (noting that trial judges "retain[ ] the option" to either hold such a hearing or such admit statements conditionally).

***Second***, the Government has failed to prove that the declarants whose emails the Government seeks to admit were members of any alleged conspiracy. To be a part of a conspiracy, an individual must have willingly entered that conspiracy and understood that it was unlawful to join. *See United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). Here, the Government's motion refers to emails of various "managers and representatives" of Yukom, Binary Book and Big Option (ECF 90 at 8), but does not identify *who* they are, *what*, if any, wrongful acts they participated in, or *any evidence* to support an inference that they entered into a conspiracy with Ms. Elbaz, apart from shared employment status. Absent such evidence, the

2

Government cannot establish that the statements of these unidentified emails should be admitted under Rule 801(d)(2)(E).

***Third***, the Government's vague motion does not identify what specific statements or emails it seeks to admit, nor attempt to explain—let alone prove—how any such statements were in furtherance of the alleged conspiracy. "A statement by a co-conspirator is made 'in furtherance' of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect." *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013). The Government's motion fails to meet this standard. Indeed, although the Government makes sweeping reference to various forms of "email correspondence" by individuals Ms. Elbaz allegedly supervised (ECF 90 at 8), it does not identify any email correspondence with particularity, let alone prove that those emails furthered the objects of any conspiracy (or even that they are relevant to this case). *Unspam Technologies, Inc. v. Chernuk*, 716 F.3d 322, 330 (4th Cir. 2013) (discussing that a conspiracy requires a "common plan" and that this case included "no allegations" that the alleged processors of transactions acted with a "design[] to achieve the illegal ends of the fraudulent [parties]"); *Campbell v. Lyon*, 26 F. App'x 183, 189 (4th Cir. 2001) (affirming trial court's exclusion of alleged co-conspirator's statements offered under Rule 801(d)(2)(E) when only "conclusory assertion[s]" supported a claim that statements were "in furtherance" of conspiracy).

On this issue, a recent case from the Eastern District of New York is particularly instructive. *See United States v. Gasperini*, 2017 WL 3140366, *1 (E.D.N.Y. July 21, 2017). In *Gasperini*, as here, the Government submitted a motion *in limine* attempting to admit emails of the defendant's "alleged, uncharged co-conspirators" pursuant to Rule 802(d)(2)(E). *Id.* at *5. The trial judge denied that motion because the Government's reliance on "Defendant's own statements to lay the foundation for the existence of a conspiracy," without additional, independent evidence, was not

"sufficient" to establish the existence of a conspiracy or that certain statements were made in furtherance of it. *Id.* at *6. In short, the court refused to admit the statements until the Government produced sufficient proof of a conspiracy – and this Court should do the same. *Id.*

Accordingly, no basis exists to apply Rule 801(d)(2)(E) to admit any of the *unidentified* emails sent by *unidentified* declarants alleged to have conspired with Ms. Elbaz. Ms. Elbaz reserves all rights to object to the admission of any such emails under the co-conspirator exception until the Government satisfies its burden and identifies the emails it seeks to admit under this exception.

## II. Motion *In Limine* No. 2 (Admissibility of Documents Pursuant to Rule 902(11)) Should Be Denied.

The Government seeks to admit records of various domestic, corporate, third parties, pursuant to putative certifications of custodians attesting that the documents at issue reflect records of regularly conducted business activity. (*See* ECF 90 at 9.) Although the Government has not specified what records are subject to this request, the Defendant believes that the Government's motion concerns a collection of approximately 4,000 documents. However, despite the fact that the productions at issue comprise thousands of pages of documents, neither the Government's motion nor the certificates at issue specify *which* records are putatively authenticated by *which* certificate. Further, the Government does not identify which "portion" of these records the Government intends to introduce at trial. (ECF 90 at 8.) Until the Government does so, Ms. Elbaz objects to the Government's motion and reserves all rights in respect of their admissibility at trial. *See Rambus, Inc. v. Infineon Technologies AG*, 348 F. Supp. 2d 698, 699, 702-03 (E.D. Va. 2004) (discussing standards of admissibility under this Rule of Evidence; there must be "sufficient trustworthiness" in certifications under 902(11)).

## III. Motion *In Limine* No. 3 (Exclusion of Defendant's Statement) Should Be Denied.

The Court should also deny the Government's motion that seeks to preclude Ms. Elbaz from offering into evidence portions of her statements that are admissible as exceptions to the rule against hearsay, including those that are appropriately admissible to prevent the jury from being misled by the Government offering cherry-picked quotations from the Defendant's larger statements.

Although a party is, generally speaking, barred from presenting her own "exculpatory statements . . . without subjecting [her]self to cross-examination," a statement that is otherwise hearsay may be admitted if it is offered for another permissible purpose. *U.S. v. Cunningham*, 194 F.3d 1186, 1199 (4th Cir. 1999); *see also United States v. Caraway*, 534 F.3d 1290, 1299 (10th Cir. 2008) (a statement "may be offered for a permissible purpose other than to prove the truth of the matter asserted, including to impeach a witness."); *United States v. Mitchell*, 587 F. App'x 70, 71 (4th Cir. 2014) (recognizing that evidence that may be barred under the hearsay rules is admissible to prove "another, permissible purpose"). For example, such statements may be admitted to rebut "an express or implied charge against the declarant of recent fabrication or . . . motive," or for some other admissible non-hearsay use. Fed. R. Evid. 801. Such statements also can be introduced as affirmative evidence to prove that Defendant "denied knowledge of any such wrongdoing," "reject[ed] an offer of immunity," or as "evidence of [her] 'consciousness of innocence.'" *United States v. Biaggi*, 909 F.2d 662, 690-92 (2d Cir. 1990). The Defendant reserves all rights to introduce her statements for these admissible reasons.

Furthermore, "[i]f a prosecutor introduces an incomplete version of the defendant's written or oral statement to the investigating officers by eliciting only the inculpatory portions, while leaving out exculpatory ones that, in fairness, would paint a more complete picture and dispel a misleading impression that the jury may have reached having heard only the incomplete portions,

5

then the defendant is at a serious disadvantage." *United States v. Bailey*, 322 F. Supp. 3d 661, 674 (D. Md. 2017). Accordingly, as Judge Grimm sagely observed, Rule 106's "fairness principles," and "the common-law rule of completeness[,] require" the jury be permitted to consider "both admissible and [otherwise] inadmissible information" that is necessary "to set the record straight." *Bailey*, 322 F. Supp. 3d at 675; *see also Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 155 (1988) ("[When] misunderstanding or distortion can be averted only through presentation of another portion [of a statement], the material required for completeness is *ipso facto* relevant and therefore admissible under Rules 401 and 402."); *United States v. Pacquette*, 557 F. App'x 933, 936-937 (11th Cir. 2014) (recognizing that the "fairness standard in Rule 106 [applies] to oral statements," via Rule 611(a), and applying rule to hold that trial judge abused discretion by excluding portions of defendant's statement that he sought to introduce for sake of completeness) (citations omitted); *United States v. Mahaffy*, 2007 WL 1094153, at *4 (E.D.N.Y. Apr. 10, 2007) ("When the government seeks to introduce inculpatory admissions by a defendant, it must also admit any exculpatory remarks that are 'part and parcel' of the same statement.") (citations omitted); *United States v. Young*, 2010 WL 1461558, at *3–4 (D. Me. Apr. 9, 2010) (ruling that, per the rule of completeness, Rule 106, and Fifth Amendment concerns, that "if the Government seeks to admit one [confession by the defendant, then] it should admit the other").

Thus, in this case, the Government's request for preemptive exclusion of all Ms. Elbaz's statements other than those portions selected by the Government is inappropriate, and should be denied, because it runs the risk of "unfairly distort[ing] the meaning of the declarant's non-hearsay statements that [may be admitted] in evidence." *United States v. Harper*, 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009); *see also Rainey*, 488 U.S. at 155; *Pacquette*, 557 F. App'x at 936-937;

*Bailey*, 322 F. Supp. 3d at 675; *Mahaffy*, 2007 WL 1094153, at *4; *Young*, 2010 WL 1461558, at *3-4.

Accordingly, Ms. Elbaz reserves her rights to seek the admission of her out-of-court statements for all permissible purposes, including the rule of completeness, and requests that the Government's motion be denied.

## IV. Motion *In Limine* No. 4 (Use of Transcripts of Recorded Conversations) Should Be Denied.

The Government seeks to allow the jury to use transcripts of recorded phone calls between employees of BinaryBook and BigOption and putative customers. The Government argues these recordings are business records maintained in the ordinary course of business pursuant to Federal Rule of Evidence 902(11), and the transcripts may be used to aid the jury while listening to the recordings and during deliberations. (ECF 90 at 12-13.)

As argued above in respect of Motion *In Limine* No. 2, Ms. Elbaz objects to the admissibility of all such evidence under Rule 803(6) and 902(11) until and unless the Government identifies which recordings it will seek to admit. The Government does not do so in its motion. *United States v. Hernandez*, 1998 WL 841504, at *2 (4th Cir. 1998) ("phone records introduced at trial were inadmissible hearsay" and not admissible under the business records exception to the hearsay rule). Instead, it vaguely points Defendant to discovery productions made somewhere between "May 2018 and continuing through August 2018," which represents nearly the entirety of the discovery period in this case, during which the Government produced 3.5 million pages of documents and other materials to the defense. (ECF 90 at 13.) Until the Government specifies which recordings it seeks to admit at trial, and provides the defense with copies of the transcripts which it seeks to use as aids for the jury, Ms. Elbaz reserves all rights to object to such admission and/or use, including on the grounds of double hearsay.

7

The Government relies on a case, *United States v. Collazo*, 732 F.2d 1200 (4th Cir. 1984), to argue that these transcripts should be admissible as an aid during trial. (ECF 90 at 14.) But *Collazo*'s holding is inapplicable here, because it is distinguishable on the facts. In *Collazo*, the transcripts at issue were tape-recordings of phone calls made during a drug deal utilizing an undercover agent. *Collazo*, 732 F.2d at 1202-03. It is disingenuous for the Government to compare these transcripts to transcripts of customer phone calls with management. The transcripts at issue in the instant case involve unnamed employees and unnamed clients. The Government provides no evidence that the transcripts are reliable and only vague references to how the transcripts were compiled. (ECF 90 at 13-14.)

**V. Motion *In Limine* No. 5 (Preclude Impeachment of Law Enforcement) Should Be Denied.**

The Government argues that Ms. Elbaz should be precluded from impeaching interviewees of law enforcement interviews with "documents authored by law enforcement, *including but not limited to* summaries…referred to as FBI 302s." (ECF 90 at 14 (emphasis added).) The Government, however, does not particularize what law enforcement documents, or what portion of such documents, it seeks to preclude for purposes of impeachment. The Government moreover cites no authority for such blanket prohibition. Accordingly, Ms. Elbaz reserves all rights to seek to use such documents for impeachment, and requests that this motion be denied. *United States v. Leonardi*, 623 F.2d 746, 756-57 (2d Cir. 1980) (if notes can be authenticated as "properly [] attribut[ed]" to interviewee, they are properly admissible, including for impeachment).

**CONCLUSION**

The Court should deny the Government's Motions *In Limine* in their entirety.

Date: December 17, 2018

Respectfully submitted,

_____
Alex Spiro
John Chun
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
alexspiro@quinnemanuel.com
212-849-7364

Counsel for Defendant Lee Elbaz

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I caused a true and correct copy of Defendant's Opposition to the Government's Motions *In Limine* to be filed with the Court on December 17, 2018 causing all counsel of record to be served via the Court's CM/ECF filing system.

*/s/ Alex Spiro*
Alex Spiro
