**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>LEE ELBAZ,<br>    a/k/a "Lena Green,"<br><br>        Defendant | Criminal Action No. TDC-18-157 |

**THE GOVERNMENT'S OPPOSITION
TO THE DEFENDANT'S MOTION FOR RULE 15 DEPOSITIONS**

The Government respectfully submits this memorandum in opposition to the Defendant's Motion for Rule 15 Depositions (Dkt. No. 160). The Defendant's memorandum in support of her motion was filed *ex parte* and under seal, so the Government cannot ascertain whether the Defendant has made the requisite showing under Rule 15 and, as a result, opposes the motion for the reasons set forth below. In addition, the Government is also filing an *ex parte* sealed supplement to this submission in order to provide additional information to the Court that may be relevant to the Court's consideration of the Defendant's request.

The Government also respectfully requests an opportunity to supplement this submission in the event that the Court determines that portions of the Defendant's *ex parte* submission should be made available to the Government, or that portions of the Defendant's argument in support of her motion should otherwise be made available to the Government in order to facilitate the Court's resolution of this matter.

**APPLICABLE LEGAL STANDARD**

Federal Rule of Criminal Procedure 15(a) provides that a court may grant a party's motion for a prospective witness to be deposed only "because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). Depositions in criminal cases "are the exception[,]

not the rule," and are "disfavored." *United States v. Ordonez*, 242 F. Supp. 3d 466, 471 (E.D. Va. 2017); *see also United States v. Jefferson*, 594 F. Supp. 2d 655 (E.D. Va. 2009).

"The bar to obtaining a foreign deposition is high." *United States v. Guild*, No. 1:07CR404 (JCC), 2008 WL 134562, at *2 (E.D. Va. Jan. 9, 2008). Among other things, foreign depositions are "suspect" because of the absence of a clear "sanction for perjury." *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988). There is indeed reason to question whether the motion should be granted at all without a demonstration from the Defendant that comparable sanctions are in place if a deponent were to lie during a deposition, as if that testimony were at a trial in the United States.

The party seeking to take foreign depositions bears the burden of showing that the requirements of Rule 15 have been met based on three considerations: (1) whether the prospective witness is unable to attend or will be prevented from attending trial; (2) whether the prospective witness's testimony is material; and (3) whether the prospective witness's testimony is necessary to prevent a failure of justice. *United States v. Rosen*, 240 F.R.D. 204, 208 (E.D. Va. 2007).

## ARGUMENT

### I. The Defendant's Request Appears To Be Untimely

As an initial matter, the motion should be denied in the absence of a compelling explanation in the Defendant's *ex parte* submission for the delay in seeking these depositions until two months before trial. The Defendant was indicted over a year ago (in March 2018), and her current counsel has represented her for approximately the last six months. (*See* Dkt. Nos. 44, 66, 117.)

The Government has not been made privy to any explanation for this delay. If, however, the Defendant's submission creates any reason to believe that granting the motion would result in a further delay of the trial, the Government respectfully submits that this provides further reason to deny the motion on the basis of untimeliness. *See Jefferson*, 594 F. Supp. 2d at 673 (citing

*United States v. Aggarwal*, 17 F.3d 737, 742 (5th Cir. 1994) ("Denial of Rule 15(a) motion for untimeliness is not an abuse of discretion")).

## II.  It Is Unclear Whether the Proposed Deponents Are Unavailable to Testify at Trial

A conclusory statement of unavailability is insufficient. *See, e.g.*, *United States v. Chusid*, 2000 WL 1449873,* 1 (S.D.N.Y. Sept. 27, 2000). To the contrary, the movant must demonstrate "a substantial likelihood" that the proposed deponent will not testify at trial. *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993).

To the extent that the Defendant has not demonstrated in her *ex parte* submission that the proposed deponents are hostile witnesses, her burden is even higher. For instance, the motion should be denied if the proposed deponents are unwilling to travel to the United States because they lack a visa where (as here) no efforts have been made to solicit the Government's assistance, or if they do not wish to incur the cost of traveling to the United States. *See, e.g.*, *United States v. Oudovenko*, No. 00-CR-1014, 2001 WL 253027, at *2-3 (E.D.N.Y. Mar. 7, 2001).

## III.  It Is Unclear Whether the Defendant Has Met Her Burden of Showing that the Proposed Testimony Is Material

Materiality in the context of Rule 15 is evaluated in the same manner as under *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Hajbeh,* 284 F. Supp. 2d 380, 384-85 (E.D. Va. 2003). To establish materiality, the defendant must show that the proposed testimony is exculpatory and not merely corroborative or cumulative of other available evidence. *Id*. at 384-85.

The Government is not privy to any showing by the Defendant made to the Court on this issue, so it is unclear whether the Defendant has met her burden as to any—much less all—of the propose deponents. For example, it is possible that some or all of these witnesses may actually confirm material aspects of the Government's case—and therefore provide *inculpatory* testimony

that would not satisfy the materiality standard under Rule 15.  (To that end, the Government notes that should some or all of the depositions go forward, the Government reserves the right to exercise its right to proceed under Rule 15 and the Federal Rules of Evidence to introduce that inculpatory testimony in its case-in-chief.)

Likewise, testimony that is cumulative is also not material. *See United States v. Feiioo-Tomala*, 751 F. Supp. 40, 43 (E.D.N.Y. 1990).  If some or all of the proposed deponents' testimony is cumulative or merely corroborative of evidence that the Defendant could offer herself or obtain from another source, then it is not material and the motion should be denied.  *Hajbeh*, 284 F. Supp. 2d at 385.

Finally, the Court should reject any argument that the Defendant should nonetheless be allowed to conduct the depositions, although the testimony is cumulative or corroborative of evidence, because she otherwise would be compelled to testify in violation of her Fifth Amendment privilege.  "While the denial of [a] defendant's Rule 15(a) motion may certainly serve to encourage [a] defendant to testify, [s]he remains free to choose not to do so" and is thus "not, in any relevant sense, 'compelled.'"  *Id.* at 385-86.  In other words, "an incentive to testify does not amount to compulsion." *Id.* at 386.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully submits that the Defendant's motion should be denied.

Dated:  May 8, 2019

                                  Respectfully submitted,

                                  ROBERT A. ZINK
                                  Acting Chief, Fraud Section
                                  Criminal Division
                                  U.S. Department of Justice

By:       /s/
                                  Tracee Plowell, Assistant Chief
                                  Ankush Khardori, Trial Attorney

                                  Fraud Section, Criminal Division
                                  U.S. Department of Justice
                                  1400 New York Ave. N.W.
                                  Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2019, I provided an electronic copy of this submission to counsel for the Defendant.

By:     /s/
Tracee Plowell
Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice