**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| LEE ELBAZ, <br> a/k/a "Lena Green," | Criminal Action No. TDC-18-157 |
| Defendant | |

**GOVERNMENT'S MOTION TO COMPEL DISCLOSURE OF EXPERT WITNESS**
**TESTIMONY FOR FAILURE TO COMPLY WITH FED. R. CRIM. P. 16**

The Government respectfully moves the Court for an order to compel Defendant Lee Elbaz to comply with the requirements of Fed. R. Crim. Pro. 16(b)(1)(C) ("Rule 16"), and order the defendant to disclose to the government additional information about the defendant's proposed expert witness testimony.  On June 21, 2019, defendant sent a letter to the Government, attached as Exhibit A, stating her intent to call Bruce Lebowitz ("Mr. Lebowitz") as an expert witness.  The government respectfully requests that the Court order the defendant to disclose (1) the basis for Mr. Lebowitz's opinion about Yukom's business practices, *i.e.* what evidence or other information Mr. Lebowitz relied on in forming his opinion, and (2) Mr. Lebowitz's definition of what constitutes the "call center industry."

### I.    BACKGROUND

The government has received from the defendant Mr. Lebowitz's curriculum vitae and a disclosure that Mr. Lebowitz would base his testimony on "his professional experience and expertise advising Fortune 500 companies on the industry standards and ethical expectations of call center operators and representatives."  *See* Exhibit A at 1.  The defendant claimed that Mr. Lebowitz's expert knowledge would allow him to testify that employees working for Elbaz at Yukom Communications Ltd. ("Yukom") behaved in a manner "consistent with common and

1

accepted industry practices." *See id.* at 2.  The letter did not specify Mr. Lebowitz's basis for his conclusion that Yukom purportedly complied with industry standards, nor did it disclose how Mr. Lebowitz gathered his knowledge of Yukom's business practices, or whether he relied on any evidence or other information about Yukom in forming his opinion.

On June 22, 2019, the Government responded to the defendant, and objected to the defendant's failure to disclose the basis for Mr. Lebowitz's testimony regarding Yukom's business practices.  Exhibit B.  The government requested that the defendant provide a sufficient Rule 16 disclosure before the June 25, 2019 deadline for motions *in limine*.  *Id*. at 1.  On June 24, 2019, the defendant responded by claiming that the June 21, 2019 disclosure was sufficient because Mr. Lebowitz "is not relying on particular documents or other information, but, rather, is relying on his extensive experience in the call center industry."  Exhibit C.

On July 8, 2019, the government again wrote to the defendant, writing that the government understood Elbaz's June 24, 2019 letter to mean that "Mr. Lebowitz has reviewed no documents or other evidence to form his opinion that Yukom's business practices were in conformity with 'call center industry' practices."  Exhibit D at 1.  Furthermore, the government wrote that if Mr. Lebowitz "has really not reviewed any documents or other evidence specific to Yukom's business practices to form his opinion, we do not understand what has served as the basis for his opinion about Yukom."  *Id.* at 1-2.  The government also requested that Elbaz disclose "how Mr. Lebowitz will define a 'call center'" and "how Mr. Lebowitz will define the 'industry' in which Yukom operated." *Id.* at 2.

Elbaz did not respond in writing to the government's second letter request for an adequate Rule 16 disclosure, but at the July 11, 2019 pretrial conference counsel for the defendant stated that the defendant would not be providing the information requested by the government.

## II.    APPLICABLE LEGAL STANDARD

Under Federal Rule of Criminal Procedure 16(b)(1)(C), the defendant's disclosure of expert witness testimony must be "a written summary of any testimony" and "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The purpose of the rule is to "minimize [the] surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  Fed. R. Crim. P. 16, advisory committee's note to 1993 amendment.

A disclosure that does not "describe [the witness's] opinions beyond stating the conclusion he had reached and [does] not give the reasons for those opinions" is insufficient to meet the requirements of Rule 16.  *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002); *see also United States v. Ahmed*, 12-CR-661, 2015 WL 1611947, at *2 (E.D.N.Y. Apr. 9, 2015) ("[T]hin statements about the experts' general conclusions are insufficient.").  The disclosed basis for the witness's opinion must include "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703."  Fed. R. Crim. P. 16, advisory committee's note to 1991 amendment.  A sufficient disclosure of the basis for the witness's opinion allows the court to ensure that the expert "employs…the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

## III.    ARGUMENT

### A.  Defendant's Disclosure Is Insufficient Due To Its Failure To Provide the Basis For the Expert's Opinion

First, the defendant's disclosure of Mr. Lebowitz's expert testimony provides no basis for Mr. Lebowitz's conclusions regarding Yukom's business practices.  The initial June 21, 2019

3

disclosure claims that Mr. Lebowitz's opinions about Yukom "derive from his professional experience and expertise advising Fortune 500 companies on the industry standards and ethical expectations." *See* Ex. A at 1.  However, the defendant has provided no basis whatsoever for Mr. Lebowitz's conclusions that Yukom employees "acted consistent[ly] with common and accepted industry practices." *See id.* at 2.  It is unclear how Mr. Lebowitz has gained any knowledge of Yukom's business practices, especially given that the defendant stated in the June 24 letter that "Mr. Lebowitz is not relying on particular documents or other information." *See* Exhibit 3 at 1.  If Mr. Lebowitz has not accessed documents or received other evidence about Yukom's business practices, there appears to be no basis for his testimony that Yukom employees "acted consistently" with industry practices.   This cannot be the case.  Thus, the defendant must provide the basis for Mr. Lebowitz's conclusions about Yukom in order to meet the requirements of Rule 16.

The Fourth Circuit has concluded that brief summaries of opinions are insufficient to show a basis for the expert's opinion.  In *United States v. Holmes*, the Fourth Circuit affirmed the district court's exclusion of the testimony of an expert witness for the defense.  670 F.3d 586, 599 (4th Cir. 2012).  The Fourth Circuit noted that "[n]either [the defendant's] brief synopsis of Dr. Ofshe's opinion nor Dr. Ofshe's curriculum vitae provide the bases and reasons for his proposed testimony that individuals sometimes make false confessions." *Id.*  Similarly, the defendant's conclusory disclosure here does not include a description of the evidence or other information about Yukom's business practices that Mr. Lebowitz used to reach his conclusion that Yukom employees complied with industry standards.

Because the defendant has failed to provide any basis whatsoever for Mr. Lebowitz's conclusions about Yukom, the government respectfully requests that the Court compel the

defendant to provide a sufficient Rule 16 disclosure, including the basis for Mr. Lebowitz's opinions.

### B. Defendant's Disclosure Is Insufficient Because It Does Not Provide the Scope or Definition of "Call Centers"

Second, the defendant has not disclosed to the government what a "call center" is which is Mr. Lebowitz's stated area of expertise. Exhibit D at 2. Without disclosing what a "call center" is, it is "virtually impossible for the Government to engage in meaningful cross-examination," which is one of the main purposes of Rule 16 pretrial disclosures. *See United States v. Day,* 524 F.3d 1361, 1372 (D.C. Cir. 2008); Fed. R. Crim. P. 16, advisory committee's note to 1993 amendment. Specifically, the government requests that the defendant identify what "industry" Mr. Lebowitz is relying on to form his opinion that Yukom was operating in accordance with "common accepted industry practices." If the defendant's answer is that Mr. Lebowitz will opine only about the "call center industry," the government is entitled to know (1) how Mr. Lebowitz will define a "call center" for purposes of rendering his opinion, and (2) how Mr. Lebowitz will define the "industry" in which Yukom operated, *i.e.* sales, marketing, financial services, investment advisor, etc... The government believes that to render an opinion within the scope of his experience, Mr. Lebowitz will have needed to consider both issues.

The Fourth Circuit has found that a disclosure was insufficient in part because it did not adequately define a particular term that would be used in the expert's testimony. In *United States v. McLean*, the Fourth Circuit held that the defendant's Rule 16 disclosure was insufficient because it "stated that [the expert] would testify that in five cases he had reviewed, [the defendant's] stent treatment met the 'interventional cardiology standard of care.'" 715 F.3d 129, 142-43, (4th Cir. 2013). The government had requested a definition of "interventional cardiology standard of care," but the defendant did not respond. *See id.* at 143. Likewise, in this case the defendant has refused

to provide any clarification regarding the scope or definition of "call center industry," which is the central component of Mr. Lebowitz's testimony.

## IV.     CONCLUSION

For the foregoing reasons, the Government requests that the Court compel Elbaz to provide a sufficient Rule 16(b)(1)(C) disclosure, and order the defendant to disclose (1) the basis for Mr. Lebowitz's opinion about Yukom's business practices, *i.e.* what evidence or other information Mr. Lebowitz relied on in forming his opinion, and (2) Mr. Lebowitz's definition of what constitutes the "call center industry."

Dated:  July 15, 2019

Respectfully submitted,

ROBERT A. ZINK
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:  _____/s/_____
L. Rush Atkinson, Trial Attorney
Caitlin R. Cottingham, Trial Attorney
Henry P. Van Dyck, Deputy Chief
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave. N.W.
Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of

the Court by using the CM/ECF system, which will notify counsel for the defendant of the filing.


By:   _____/s/_____
L. Rush Atkinson, Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice